KNIGHT, APPELLANT, *v.* RICHTER ET AL., RESPOND-
ENTS.

[Argued June 19, 1891.   Decided July 27, 1891.]

EVIDENCE — *Partnership* — *Bill-head.* — A bill-head of a firm, purporting to show
the names of the partners, which does not show the name of a defendant sued
as a member of the firm, is competent evidence on the question of partnership.

SAME. — The interrogation of a witness as to whether he had ever seen a bill-head
of the defendant firm, and as to his knowledge obtained in personal dealings
with the firm as to the withdrawal of one of its members, cannot be held error
where the record fails to disclose how such knowledge by the witness would
become material to the issue.

*Appeal from First Judicial District, Lewis and Clarke County.*

Action on promissory note.   The cause was tried before
HUNT, J.   Defendant Richter had judgment below.

*Toole & Wallace,* for Appellant.

In the course of the trial before a jury, Mr. T. H. Klein-
schmidt, being upon the stand, and having testified that he was
assistant cashier of the bank at all times material to the suit,
an offer was made to charge the bank with knowledge of the
withdrawal, by showing that notice of the withdrawal had been
brought home personally to T. H. Kleinschmidt in the course
of his personal business with the firm.   And against the objec-
tion of counsel for plaintiff, questions were put to him, and he
was required to answer the same with this object in view.
Against plaintiff's objection bill-heads were submitted to the
witness, which bill-heads purported to give the names of the
members of the firm of Richter & Co., and on which the name
of Hermann Richter did not appear, and he was examined as to
whether or not in his personal grocery dealing he had had any
such bills presented to him; and all of the foregoing as ex-
pressly stated by counsel for the defendants being of the object
of establishing personal knowledge in T. H. Kleinschmidt of
the withdrawal of Hermann Richter, and thereby charging the
bank with said knowledge.   That this action of the court was
error, and that the personal knowledge of a director or officer
of the bank cannot, in the course of personal transactions, be
chargeable as notice to the bank, is an established principle of

law sustained by abundance of authorities. (*President etc.* v. *Cornen*, 37 N. Y. 323; 93 Am. Dec. 575; *Wilson* v. *Second Nat. Bank*, Pa. Nov. 1886, 7 Atl. Rep. 145; *Ford* v. *French*, 72 Mo. 250; *De Kay* v. *Hackensack Water Co.* 38 N. J. Eq. 158; *Barnes* v. *Trenton Gas Light Co.* 27 N. J. Eq. 33; *Bierce* v. *Red Bluff Hotel Co.* 31 Cal. 165; Angell & Ames on Corporations, §§ 307, 308, p. 315.)

*Henry C. Smith*, for Respondents.

If Kleinschmidt, being the officer of the bank who acted for the bank in this transaction of taking Richter & Co.'s note, knew at the time of taking the said note that Hermann Richter was not a member of the firm, it was competent to show that, and appellant's authorities relating to attempts to charge a corporation through the knowledge of an agent, who took no part in the transaction in question, do not apply to this case. (Wade on Notice, §§ 682, 683, p. 311; *National etc. Bank* v. *Cushman*, 121 Mass. 490.)

DE WITT, J. — This action is upon a promissory note dated November 2, 1886, at 60 days, for $1,021, payable to Edward W. Knight, cashier, or order, at the First National Bank, Helena, Mont., and made by Richter & Co. Judgment was demanded for $919.55, the balance due, and interest. The defendant, Hermann Richter, alone filed a separate answer, on which the case was tried, and in which he makes the defense that, at the time of the execution of the note, he was not a member of the firm of Richter & Co. A verdict was rendered for the defendant, Hermann Richter. An appeal is taken by plaintiff from an order denying a motion for a new trial, and from the judgment. The error alleged is presented in a statement on motion for a new trial.

It seems from the evidence that Hermann Richter had once been a member of the firm of Richter & Co., and had withdrawn before the making of this note. It would seem that all of the evidence is not in the statement, but only that which appellant deemed sufficient to illustrate the point of his exception. T. H. Kleinschmidt was a witness. It seems that he had some connection with some bank. What the relation was does not

appear. The bank is spoken of as "the plaintiff bank," and, in relation to Mr. Kleinschmidt, as "his bank," and he is mentioned as the "representative of the bank." What his office in or relation to the bank was, is not disclosed. What bank it was does not appear in the pleadings or the evidence. A bank is mentioned in the statement as "the plaintiff bank," but neither pleadings nor evidence indicate that any bank was plaintiff. The complaint is by E. W. Knight, cashier. Nothing whatever informs the court of what he was cashier, whether of a bank, or any other institution, or that a bank was plaintiff in interest, except the little light afforded by the face of the note as set out in the complaint, by which it appears that the note was payable *to* Edward W. Knight, cashier, *at* the First National Bank, Helena, Mont., and a statement in one portion of the record that "the matter at issue was whether or not the plaintiff bank had received notice, prior to the execution of the note in suit, of the alleged withdrawal of Hermann Richter from the firm of Richter & Co." As deemed pertinent to this issue, the witness Kleinschmidt was asked whether he did any business himself with the firm of Richter & Co., and whether he had been rendered statements of account by Richter & Co. prior to the execution of the note in suit, which statements showed upon their face the names of Henry Richter and Waldemar Stein as members of that firm, and only them, similar to a bill-head handed to witness. The witness stated that he may have seen such a bill-head, and that he may not. He did not state that he had seen them, and explained why he could not so state. Witness, Henry Richter, apparently one of the defendants, testified that he thought that none of these bill-heads had been presented to Kleinschmidt. He further said that this bill-head was that of Richter & Co. after January 1, 1886; that Stein had notice of it, and was a full partner. After this evidence, the court admitted the bill-head in evidence, limited to the actual matter of the question of partnership, and refused to admit it for the purpose, as defendants desired it should be, of showing that it was actually presented to Kleinschmidt.

Plaintiff's exception is as to the interrogation of Kleinschmidt as to the bill-head, and his knowledge obtained in personal dealings with Richter & Co. It is not at all clear from this record

how any notice to Kleinschmidt could be material, when we do not know what relation Kleinschmidt had to the bank, and when it does not appear that such bank was a party either of record or in interest. But even if the bank were the actual party in interest, and Kleinschmidt were an officer of the same, to whom official knowledge of the withdrawal of Hermann Richter from the firm of Richter & Co. could properly be charged, we cannot hold that the evidence admitted was error. If Kleinschmidt were such officer, and the bank were the plaintiff, it was proper to ascertain whether official notice had gone to the bank through such officer, and the court might properly hear evidence to ascertain whether such were the facts; and, having done so, and being of the opinion that such notice had not been communicated, the court, in this case, excluded the bill-head for all purposes except as to the actual matter of partnership. This was competent. The partnership question was material as a proposition independent of notice to the bank, and, upon such independent proposition alone, the court properly admitted the bill-head.

The judgment and the order denying the new trial are affirmed.

*Affirmed.*

BLAKE, C., and HARWOOD, J., concur.